KIM E. RICHMAN
**THE RICHMAN LAW GROUP**
195 Plymouth Street
Brooklyn, NY 11201
krichman@richmanlawgroup.com
212-687-8291 (telephone)
212-687-8292 (facsimile)

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------
SHAWN REID,

             Plaintiff,

       -against-

THE CITY OF NEW YORK and P.O.s "JOHN
DOE" #1-10 (said names being fictitious, as the
true names are presently unknown), Individually
and in Their Official Capacities,

             Defendants.
--------------------------------------------------------

                              **COMPLAINT**
                              **AND DEMAND FOR**
                              **JURY TRIAL**

Plaintiff Shawn Reid by his attorney, Kim E. Richman, complaining of the above-referenced defendants, based upon information and belief, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, for the wrongful acts of Defendants The City Of New York and P.O.s "John Doe" #1-10 (said names being fictitious, as the true names are presently unknown), as Officers of the New York City Police Department, all acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

1

## JURISDICTION

1.      This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth,

Fifth, and Fourteenth Amendments to the United States Constitution.

2.      Jurisdiction is invoked herein pursuant to the aforementioned statutory and

constitutional provisions, and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action

seeking redress for the violation of Mr. Reid's constitutional and civil rights.

3.      Plaintiff further invokes this Court's pendent jurisdiction over any and all

state law claims and causes of action that derive from the same nucleus of operative facts

that give rise to the federally-based claims and causes of action pursuant to 28 U.S.C. §

1367.

## VENUE

4.      Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being

the District in which the claim arose.

## TRIAL BY JURY

5.      Plaintiff demands a trial by jury on each and every one of his claims as pled

herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff Shawn Reid is an African American male. At the time of the

incident, Plaintiff was employed as mechanic in East New York.

7.      At all times relevant hereto, Plaintiff was a resident of Kings County,

located in the Eastern District of New York.

8.      At all times relevant hereto, Defendant the City of New York ("City") was and is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named Defendants.

9.      At all times relevant hereto, Defendant P.O.'s "John Doe" #1-10 (said names being fictitious, as the true names are presently unknown) were and are police officers employed by the New York City Police Department ("NYPD") and acting under color of state law (collectively, with Defendant City, "Defendants").

10.     At all times relevant hereto and in all their actions described herein, said Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the Defendant City and its NYPD, pursuant to their authority as employees, servants and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

11.      Defendant City was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants, and/or employees of the NYPD.

## FACTS

12.     On or about June 4, 2013 at approximately 3:00 p.m., Plaintiff was lawfully driving near the intersection of Church Avenue and East 18th Street in Brooklyn, New York.

13.     Without probable cause or reasonable suspicion, Defendant NYPD officers in a vehicle behind Plaintiff's signaled him to pull over. Plaintiff complied with the request.

14. Defendant NYPD Officers ordered Plaintiff out of his car and searched him. Defendants did not recover any contraband from Plaintiff.

15. Despite still lacking any probable cause or reasonable suspicion, Defendant NYPD officers handcuffed and arrested Plaintiff in full public view, and then transported him to the NYPD 70th Precinct.

16. Upon arrival at the precinct, Plaintiff was searched again and placed into a holding cell.

17. Plaintiff remained in the cell until about 4:00 a.m. on June 5, 2013, when Defendant NYPD officers transported him to Brooklyn Central Booking.

18. At approximately 8:30 a.m. on June 5, 2013, Plaintiff was arraigned on robbery charges and was then released.

19. About a week later, all charges were dismissed in favor of Plaintiff.

20. At the time of Plaintiff's arrest, Defendant NYPD officers confiscated Plaintiff's vehicle and had it impounded.

21. Prior to this incident, Plaintiff had used this vehicle to travel from his residence to his job as a mechanic in East New York.

22. When Plaintiff was allowed to retrieve his car after the charges against him had been dismissed, he found that the vehicle was no longer operative. Consequently, Plaintiff had to pay to have his vehicle repaired.

23. As a result of the aforementioned violations of his civil rights, Plaintiff Shawn Reid was detained for approximately sixteen (16) hours, subjected to the humiliation and emotional distress of being arrested, falsely prosecuted, and searched and

led away in full public view, resulting in damage to his esteem and reputation within his community.

### FIRST CLAIM FOR RELIEF:
### <u>DEPRIVATION OF FEDERAL CIVIL RIGHTS</u>

24.     Plaintiff Shawn Reid repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

25.     All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

26.     All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities accorded by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, such acts being actionable under 42 U.S.C. § 1983.

27.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the actual and/or apparent authority attendant thereto.

28.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of Defendant City and the NYPD, all under the supervision of ranking officers of said department.

29.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of Defendant City that is forbidden by the Constitution of the United States.

30.     By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF:
## FALSE ARREST UNDER 42 U.S.C. § 1983

31.     Plaintiff Shawn Reid repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

32.     As a result of Defendants' aforementioned conduct, Plaintiff was subjected to an illegal, improper and false arrest by Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

33.     As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety and subjected to handcuffing and other physical restraints, without probable cause.

34.     As a result of his false arrest, Plaintiff was subjected to and continues to experience humiliation, ridicule, and disgrace before his family and peers, confinement, economic and pecuniary loss, pain and suffering, embarrassment and emotional distress. Further, as a result of Defendants' unlawful acts, Plaintiff was discredited in the minds of many members of his community.

## THIRD CLAIM FOR RELIEF:
## ILLEGAL STOP AND FRISK UNDER 42 U.S.C. § 1983

35.     Plaintiff Shawn Reid repeats and re-alleges each and every allegation

contained in the paragraphs above with the same force and effect as if fully set forth herein.

36.     As a result of Defendants' aforementioned conduct, Plaintiff was subjected to an illegal and improper stop-and-frisk by Defendants without any reasonable suspicion of criminality or other constitutionally-required grounds. Moreover this stop-and-frisk and the above-alleged arrest were the result of racial and/or national origin profiling.

37.     As a direct and proximate result of such acts, Defendants deprived Plaintiff of his Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. §1983.

38.     As a direct and proximate result of those constitutional abuses, Plaintiff suffered and will continue to suffer mental and emotional pain and suffering, mental anguish, embarrassment and humiliation.

39.     The acts of Defendants were intentional, wanton, malicious, reckless and oppressive and entitle Plaintiff to an award of punitive damages.

**FOURTH CLAIM FOR RELIEF**
**EQUAL PROTECTION UNDER 42 U.S.C. § 1983**

40.     Plaintiff Shawn Reid repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference as if fully stated herein.

41.     Defendants unlawfully singled out Plaintiff and violated his First, Fourth, Fifth, and Fourteenth Amendments rights, in part because of his race and gender and in part because he was exercising his constitutional rights under the First, Fifth and Fourteenth Amendments to the Constitution of the United States.

42.     Defendants and their agents, servants, and employees carried out all of the aforementioned acts under color of state law.

43.     As a result of Defendants' unlawful acts, Plaintiff was subjected to and continues to experience humiliation, ridicule, and disgrace before his family and peers, confinement, economic and pecuniary loss, pain and suffering, embarrassment and emotional distress.   Further, as a result of Defendants' unlawful acts, Plaintiff was discredited in the minds of many members of his community.

### FIFTH CLAIM FOR RELIEF:
### MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

44.     Plaintiff Shawn Reid repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

45.     Defendants falsely arrested and maliciously prosecuted Plaintiff despite a complete lack of cause against him, notwithstanding their knowledge that such actions would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

46.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

47.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of Defendant City and its NYPD, all under the supervision of ranking officers of said department.

48.     The aforementioned customs, policies, usages, practices, procedures of Defendant City included, but were not limited to, continuing criminal proceedings without evidence of criminal activity.

8

49.     The foregoing customs, policies, usages, practices, procedures and rules of Defendant City constituted a deliberate indifference to Plaintiff's constitutional rights.

50.     The foregoing customs, policies, usages, practices, procedures and rules of Defendant City were the direct and proximate cause of the constitutional rights violations suffered by Plaintiff as alleged herein.

51.     The foregoing customs, policies, usages, practices, procedures and rules of Defendant City were the moving force behind the constitutional rights violations suffered by Plaintiff as alleged herein.

52.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

53.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

54.     Defendant City, as municipal policymaker in the training and supervision of P.O.s John Doe #1-10 (said names being fictitious, as the true names are presently unknown), has pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their rights guaranteed by the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983 and the Constitution and laws of the State of New York.

55.     All of the foregoing acts by Defendants deprived Plaintiff Shawn Reid of federally protected rights, including, but not limited to, the right:

    a.   Not to be deprived of liberty without due process of law;

    b.   To be free from false arrest;

c.   To be free from unlawful search; and

d.   To receive equal protection under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

2. Punitive damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.


DATED:        New York, New York
              March 20, 2015


                                        Respectfully submitted,


                                        Kim E. Richman, Esq.
                                        **THE RICHMAN LAW GROUP**
                                        195 Plymouth Street
                                        Brooklyn, NY 11201
                                        krichman@richmanlawgroup.com
                                        212-687-8291 (telephone)
                                        212-687-8292 (facsimile)

                                        *Attorney for Plaintiff*